IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

RAMIRO GONZALES, JR., as          *
Administrator of the Estate       *
of Cristian Ivan Bailon           *
Lorenzo, and MARIBEL              *
LORENZO MOLINA,                   *
                                  *
     Plaintiffs,                  *
                                  *
     v.                           *
                                  *    CV 616-011
GEORGIA DEPARTMENT OF             *
CORRECTIONS, an Administrative    *
Division of the State of          *
Georgia, STANLEY WILLIAMS,        *
Individually and in his           *
Official Capacity as Warden of    *
Smith State Prison, JARROD D.     *
PITTMAN, Individually and         *
in his Official Capacity as       *
Correctional Officer at Smith     *
State Prison, and JOHN DOE #1     *
and JOHN DOE #2, Individually     *
and in their Official             *
Capacities as Officials of        *
Smith State Prison,               *
                                  *
     Defendants.                  *
                                  *
                                  *

# ORDER

This case arises out Cristian Ivan Bailon Lorenzo's death at Smith State Prison in Glennville, Georgia. Following his death, Plaintiffs filed suit on Lorenzo's behalf alleging state-law and constitutional claims. Defendants move to dismiss all

but one claim. Because Plaintiffs concede that a number of their claims fail, and because Plaintiffs failed to plead sufficient facts to support their claim of deliberate indifference to Lorenzo's serious medical needs, the Court **GRANTS** Defendants' motion to dismiss (doc. 15).

I. **Background**

Before his death, Lorenzo was incarcerated at Smith State Prison. (Doc. 1 ¶ 11.) He shared a cell with Richard Duron, a known murderer. (Id. ¶ 12.) According to Plaintiffs, Duron threatened Lorenzo, who asked to be transferred to a different cell. (Id.) The prison officials, however, ignored his requests. (Id. ¶ 16.) And on February 12, 2014, Duron murdered Lorenzo. (Id. ¶ 14.) According to Plaintiffs, Defendant Pittman entered Lorenzo's cell and handcuffed him. (Id. ¶ 13.) And while Lorenzo was handcuffed, Duron, who was unrestrained, stabbed Lorenzo repeatedly with a metal shank. (Id. ¶ 13-14.)

Plaintiffs, the administrator of Lorenzo's estate and his mother, filed suit against: (1) the Georgia Department of Corrections; (2) Stanley Williams, the warden of Smith State Prison, individually and in his official capacity; (3) Jarrod Pittman, a prison official at Smith State Prison, individually and in his official capacity; and (4) John Does #1 and #2. In their complaint, Plaintiffs assert claims under 42 U.S.C. § 1983 for alleged violations of Lorenzo's rights under the Fourth,

2

Eighth, and Fourteenth Amendments and state-law claims under the Georgia Tort Claims Act. They allege that Defendants acted with deliberate indifference to Lorenzo's safety before the stabbing and to his medical needs after the stabbing. Defendants now move to dismiss all but one claim. (Doc. 15.)

## II.  Legal Standard

In considering motions to dismiss under Rule 12(b)(6), courts test the legal sufficiency of complaints, not whether plaintiffs will ultimately prevail on the merits. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). A court must accept as true all facts alleged in a complaint and construe all reasonable inferences in the light most favorable to the plaintiff. See Hoffman-Pugh v. Ramsey, 312 F.3d 1222, 1225 (11th Cir. 2002). A court, however, need not accept a complaint's legal conclusions as true, only its well-pleaded facts. Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009).

A complaint also must "contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" Id. at 678 (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A plaintiff is required to plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. "The plausibility standard is not akin to a

3

'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id.

### III. **Discussion**

As noted, Defendants seek to dismiss all but one claim. More specifically, Defendants move to dismiss all claims asserted against the Georgia Department of Corrections, all claims asserted against Williams and Pittman in their official capacities, all state-law claims, and the claim that Williams and Pittman acted with deliberate indifference to Lorenzo's medical needs. In response to Defendants' motion to dismiss, Plaintiffs concede that their state-law claims fail, that their constitutional claims against the Georgia Department of Corrections and against Williams and Pittman in their official capacities fail, and that their claims against the John Doe Defendants fail. Thus, the only disputed issue before the Court is whether Plaintiffs' claim against Williams and Pittman based their alleged deliberate indifference to Lorenzo's medical needs should proceed.

The state has a "constitutional obligation to provide minimally adequate medical care to those whom [it is] punishing by incarceration." Harris v. Thigpen, 941 F.2d 1495, 1504 (11th Cir. 1991). Prisoners, therefore, are "guaranteed the right under the eighth amendment to be free from deliberate indifference by correctional institutions to their serious"

4

medical needs. Id. To succeed on a claim of deliberate indifference to serious medical needs, a plaintiff must prove: (1) that he had serious medical needs; (2) that the prison officials acted with subjective deliberate indifference to his needs; and (3) that the prison officials' misconduct caused the plaintiff's injuries. Goebert v. Lee, 510 F.3d 1312, 1326 (11th Cir. 2007).

A serious medical need "is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." Id. And "[c]ausation, of course, can be shown by personal participation in the constitutional violation." Id.

To show deliberate indifference, a plaintiff must prove (1) subjective knowledge of a risk of harm and (2) disregard of that harm (3) "by conduct that is more than [gross] negligence." Id. at 1327 (alteration in original) (citation omitted) (internal quotation marks omitted). Whether a defendant had subjective knowledge of a risk of harm is typically a factual question "subject to demonstration in the usual ways, including inference from circumstantial evidence, and a factfinder may conclude that a prison official knew of a substantial risk from the very fact that the risk was obvious." Id. (citation omitted) (internal quotation marks omitted). Similarly, "[d]isregard of the risk

5

is also a question of fact that can be shown by standard methods." Id. And "[t]he meaning of 'more than gross negligence' is not self-evident," but in cases involving a delay in care, courts consider: "(1) the seriousness of the medical need; (2) whether the delay worsened the medical condition; and (3) the reason for the delay." Id.

Defendants contend that Plaintiffs have not sufficiently pleaded that they acted with deliberate indifference to Lorenzo's serious medical needs. As an initial matter, the Court is satisfied that Plaintiffs have adequately pleaded that Lorenzo had serious medical needs and that Defendants subjectively knew of a risk of harm: Lorenzo was stabbed in front of Pittman.[1] Thus, the Court focuses its analysis on whether Plaintiffs have sufficiently pleaded that Defendants disregarded that risk of harm by conduct that was more than gross negligence.

In their complaint, Plaintiffs allege that, "[a]fter Mr. Lorenzo was repeatedly stabbed by Duron, Defendants delayed the administration of immediate medical treatment, directly and proximately resulting in Mr. Lorenzo's death." (Doc. 1 ¶ 18.)

---

[1] The Court notes that Plaintiffs have not alleged that Williams was present when Duron stabbed Lorenzo and thus have not alleged that he was subjectively aware of Lorenzo's serious medical needs. But because Plaintiffs have failed to allege that either Defendant disregarded Lorenzo's needs by conduct that was more than gross negligence, the Court will assume Plaintiffs have adequately pleaded subjective knowledge of serious medical needs for purposes of this Order.

6

They also claim that "[t]he actions of Defendants constituted a deliberate indifference to the safety and serious medical needs of prisoner Lorenzo, which constituted unnecessary and wanton infliction of pain and suffering, and cruel and unusual punishment . . . ." (Id. ¶ 26.)

These paragraphs contain the only allegations in the complaint that address Plaintiffs' claim of deliberate indifference to Lorenzo's serious medical needs. Plaintiffs have, therefore, pleaded only "a formulaic recitation of the elements of a cause of action." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (internal quotation marks omitted) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). Plaintiffs have not pleaded "factual content that allows the court to draw the reasonable inference that [Defendants are] liable for the misconduct alleged." Id. They do not allege, for example, any facts explaining how Defendants delayed treatment. And even assuming Defendants did delay treatment, Plaintiffs do not allege any facts showing that Defendants delayed treatment by conduct that was more than gross negligence. Nor do they offer any factual allegations supporting the inference that a delay in treatment caused Lorenzo's death. Thus, Plaintiffs have failed to plausibly allege that Defendants acted with deliberate indifference to Lorenzo's serious medical needs, and the Court **GRANTS** Defendants' motion to dismiss.

### IV. Conclusion

Because Plaintiffs have conceded that a number of their claims fail, and because Plaintiffs failed to plead sufficient facts to support their claim that Defendants acted with deliberate indifference to Lorenzo's serious medical needs, the Court **GRANTS** Defendants' motion to dismiss (doc. 15). The Clerk is instructed to **TERMINATE** the Georgia Department of Corrections and John Doe #1 and John Doe #2 as parties in this case. Only Plaintiffs' claim against Williams and Pittman in their individual capacities for their alleged failure to protect Lorenzo — which Defendants did not move to dismiss — will proceed.

**ORDER ENTERED** at Augusta, Georgia this 8th day of March, 2017.

HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA